

Counseling and Advising Clients Exclusively on Laws of the Workplace

Zabell & Collotta, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel.  631-589-7242
Fax.  631-563-7475
www.Laborlawsny.com

**Christopher K. Collotta**
Email:  CCollotta@laborlawsny.com

February 3, 2022

*VIA* ELECTRONIC CASE FILING

The Honorable Steven I. Locke
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:    Puterio v. S & F Enterprises, Inc., *et al.*
Case No. 20-cv-5091 (GRB) (SIL)

Your Honor:

This firm is counsel to Michelle Puterio, Plaintiff in the above-referenced matter. We write jointly with Counsel for Defendants S & F Enterprises, Inc. d/b/a "Town and Country Market" and Thomas Fallica, respectfully seeking judicial approval of the proposed settlement resolving Plaintiff's claims brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Accordingly, we respectfully refer the Court to the enclosed Settlement Agreement, and exhibits thereto, attached to this correspondence.

**Procedural Posture**

Plaintiff commenced this action on October 22, 2020 alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), and the New York Labor Law, § 190, et seq. ("NYLL"). *See* ECF Doc. No. 1. Defendants S & F Enterprises, Inc. d/b/a "Town and Country Market" and Thomas Fallica filed their Answer on or about November 16, 2020. *See* ECF Doc. No. 10.

**Plaintiff's Allegations and Issues in Dispute**

Defendant S&F Enterprises, Inc. ("Defendant S&F") is a delicatessen. Defendant Thomas Fallica owned and operated Defendant S&F, located at 85 North Country Road, Miller Place, New York. Plaintiff worked for Defendants from in or around February 2016 through August 2020.  At all times relevant herein, Plaintiff

February 3, 2022
Page 2 of 5

performed non-exempt duties, including, but not limited to, acting as a cashier, preparing customer orders, making deliveries, and cleaning Defendants' establishment. Plaintiff maintains she was compensated at her regular hourly rate of pay for all hours worked, including hours worked over forty (40) in a workweek, regardless of the amount. Plaintiff's regular rate of pay was as follows: $12.00 per hour from February 2016 through September 2019 and $14.00 per hour from September 2019 through August 2020. Plaintiff alleges she was scheduled to and performed work anywhere between twenty-six (26) and fifty (50) hours per week. In addition, Plaintiff was routinely scheduled to and performed work in shifts exceeding a spread of ten (10) hours. Plaintiff maintains she was not provided and did not receive time off for meal periods. Plaintiff further maintains Defendants made unlawful deductions from her wages.

Plaintiff also asserts claims for statutory penalties based on Defendants' violations of New York Labor Law Sections 195(1) and 195(3). Plaintiff maintains she was not provided a notice of her wages at the time of her hire in accordance with Section 195(1) of the New York Labor Law. Additionally, Plaintiff alleges she was not provided with proper wage statements with each payment of wages.

**Defendants' Defenses**

Defendants admit that Plaintiff was Defendants' "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. 203(e) and Section 190(2) of the NYLL, N.Y. Lab. Law § 190(2), Defendant S&F is a domestic limited liability company operating at 85 North Country Road, Miller Place, New York 11764, that S&F operates as a delicatessen and that Defendant Thomas Fallica lives in Suffolk county and is owner and principal of S&F with the following authority: (1) to hire and fire employees; (2) to supervise and control employee work schedules and the work environment; (3) to determine the rates and methods of payment of employees; and (4) to maintain employment records for Defendants. Defendants deny and/or deny knowledge or information sufficient enough to form a belief as to the truth or falsity of Plaintiff's remaining claims, including the hours Plaintiff claims to have worked and the compensation paid to Plaintiff. *See* ECF Doc. No. 10, at ¶¶1-3. In addition, Defendants deny all allegations that Defendants failed to provide Plaintiff with a notice of her wages at the time of her hire or that Defendants failed to provide Plaintiff with proper wage statements with each payment of wages. *See* ECF Doc. No. 10, at ¶3.

Defendants asserted a total of eight (8) affirmative defenses. *See* ECF Doc. No. 10, at "Affirmative Defenses" ¶¶4-11.

February 3, 2022
Page 3 of 5

## The Settlement Amount

The parties have agreed to resolve Plaintiff's claims for the total amount of Eight Thousand and Five Hundred Dollars and Zero Cents ($8,500.00) inclusive of attorneys' fees and costs. Under the terms of the agreement, Plaintiff Puterio would receive Five Thousand Six Hundred and Ninety Five Dollars and Zero Cents ($5,695.00) representing unpaid wages, liquidated damages, and civil penalties under New York Labor Law Section 198 for violations of New York Labor Law Sections 195(1) and 195(3). Further, Plaintiff's counsel would receive Two Thousand Eight Hundred and Five Dollars and Zero Cents ($2,805.00) as attorneys' fees and costs, one-third (33%) of the total settlement.

## The Proposed Settlement Amount is Fair and Reasonable

In order for the parties' proposed Fed. R. Civ. P. 41(a)(1)(A)(ii) stipulation of dismissal to take effect, the Court must scrutinize and approve the Settlement Agreement. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 2015 U.S. App. LEXIS 13815 (2d Cir. 2015). The Court should approve the Settlement so long as it "reflects a 'reasonable compromise of disputed issues [rather] than mere waiver of statutory rights brought about by an employer's overreaching." *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (*quoting Lynn's Foods Stores, Inc., v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also *Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

According to *Jones v. Lettieri Constr., Inc*, "[in] determining whether the agreement is a reasonable compromise of Plaintiff's claims, the Court should consider the following factors: (1) the plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." No. 17 CV 2407 (DRH) (ARL), 2018 U.S. Dist. LEXIS 41320, at *2-3 (E.D.N.Y. Mar. 12, 2018); quoting *Beckert v. Rubinov*, No. 15 CV 1951, 2015 U.S. Dist. LEXIS 145632, 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015) (internal citations omitted).

Assuming Plaintiff's allegations are accurate, we calculated Plaintiff is owed approximately $2,504.50 in unpaid wages. This sum includes $2,348.50 in unpaid overtime and $156.00 in unpaid spread of hours pay, plus liquidated damages in the same amount, and $10,000.00 for violations of the Wage Theft Protection Act, including failure to provide notice of wage rate and failure to provide wage

February 3, 2022
Page 4 of 5

statements. Under the current agreement, Plaintiff would receive $5,695.00. Although this appears to be a significant reduction from the amount of damages calculated by counsel, it reflects the <u>entirety</u> of the amount of her alleged unpaid wages <u>plus liquidated damages</u>. Considering the above factors, we respectfully submit the proposed settlement is a favorable result, and, as such, it should be approved as a fair settlement. *See, Rasulev v. Good Care Agency*, Case No. 16-cv-1993 (LDH) CLP) 2017 U.S. Dist. LEXIS 221519, at *18-19 (E.D.N.Y. July 28, 2017) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved."). Despite the potential risks of litigation, under this Settlement Agreement, Plaintiff would receive double her unpaid compensation, as calculated by counsel. Furthermore, this resolution provides for an expedited recovery on behalf of our client.

## Other Settlement Terms

The terms of the Settlement Agreement are in accordance with the decision in *Cheeks v. Freeport Pancake House, Inc.*, No. 14-299 (2d Cir. 2015). The proposed terms allow for the Settlement Agreement to be publicly filed for the purpose of judicial review for fairness. The Settlement Agreement does not contain any confidentiality or non-disparagement provisions allowing Plaintiff to make truthful statements relating to her recovery, Defendants' pay practices as well as her experience litigating this action in accordance with *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 (S.D.N.Y. 2015). Further, under the agreement, Plaintiff is waiving only her wage-related claims under the FLSA and NYLL arising in this case. Finally, this agreement was reached as a result of arm's-length negotiations between experienced counsel.

## Attorneys' Fees are Fair and Reasonable

This office expended significant time drafting pleadings, drafting and preparing discovery requests and initial disclosures, drafting and preparing the joint pre-trial order, and participating in numerous negotiations all of which were necessary to secure a successful settlement for Plaintiff. Additionally, Plaintiff's counsel has incurred filing fees and service costs all of which are included in the one-third allocation for attorneys' fees and costs.

Moreover, the retainer agreement between Plaintiff and this office provides for one-third (1/3) of the settlement amount to be received by Plaintiff's counsel. Attorneys' fees in an amount of one-third (1/3) of the settlement amount is ordinary in the Second Circuit. *Najera v. Royal Bedding Co., LLC*, No. 13-CV-1767 (NGG) (MDG), 2015 WL 3540719, at *2 (E.D.N.Y. June 3, 2015) *citing* 29 U.S.C. § 216(b); *see also Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13–CV–3234 (LB), 2013

February 3, 2022
Page 5 of 5

WL 5308277, at *1 (E.D.N.Y. Sept.19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery). Accordingly, for the purposes of facilitating settlement, the parties agreed to resolve Plaintiff's back wages claims and attorneys' fees separately, in an amount equal to (1/3) of the overall settlement. Pursuant to the Settlement Agreement, Plaintiff's counsel will receive Two-Thousand Eight Hundred and Five Dollars and Zero Cents ($2,805.00) as attorneys' fees and costs – no more than one-third (33%). Plaintiff's counsel believes that the fee agreed upon in the terms of the Settlement Agreement is fair and reasonable.

We are pleased the parties could work collaboratively in resolving this matter without the need to burden the Court. Counsel for both Parties remain available should Your Honor require additional information in connection with this submission.

Respectfully submitted,

ZABELL & COLLOTTA, P.C.

Christopher K. Collotta

Encl.

cc:   Client
      Vesselin Mitev, Esq. (*via* Electronic Case Filing)